IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DAWANE ARTHUR MALLET-EL, | |
| Plaintiff, | No. 21-cv-1263 |
| v. | Filed: December 9, 2021 |
| THE UNITED STATES, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

On April 5, 2021, *pro se* Plaintiff Dawane Arthur Mallet-El, who is incarcerated at the United States Penitentiary Administrative Maximum in Florence, Colorado, filed this action seeking compensation from the Government pursuant to the Takings Clause of the Fifth Amendment for personal property confiscated by two Bureau of Prisons ("BOP") officials during a search of his cell. The Government moved to dismiss Plaintiff's Complaint under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted. For the reasons discussed below, Defendant's Motion is **GRANTED**.

### I. BACKGROUND

#### A. Factual Background

Plaintiff's Complaint alleges that on May 5, 2017, two BOP officials removed Plaintiff from his cell and took his belongings. Pl.'s Compl. at 2, ECF No. 1. Plaintiff alleges that he filed a grievance and was told that BOP staff have the authority, pursuant to BOP Program Statements 5521.06 and 5580.08, to search inmate property and confiscate items they deem necessary to maintain control over the prison. *Id.* at 2–3. The Complaint appears to assert that Plaintiff's

property was taken in violation of BOP policy because his property was not inventoried and because he was not provided with a list of the items confiscated. *Id.* at 3. Furthermore, Plaintiff contends that a "range camera" captured the seizure of his property and that an "ADX camera" caught BOP officials reading, copying, and destroying his legal documents. *Id.* Plaintiff attached to the Complaint an itemized list of personal property allegedly taken from his cell, as well as what purports to be a complaint alleging criminal violations by the BOP officials in connection with the May 5, 2017 search. Ex. to Pl.'s Compl. at 1–7, ECF No. 1-1. According to Plaintiff, $50 billion worth of items were taken from him, including invention blueprints, religious items, screenplays, magazines, and legal documents. *Id.* at 1–2.

### B.   Procedural History

On April 5, 2021, Plaintiff filed suit in this Court alleging that the Fifth Amendment's Takings Clause requires the Government to provide just compensation for the property taken from his cell. ECF No. 1 at 1. On July 21, 2021, the Government moved to dismiss, alleging that the Court lacks subject-matter jurisdiction over Plaintiff's claim and, alternatively, that Plaintiff failed to state a claim upon which relief can be granted. Def.'s Mot. to Dismiss at 1, ECF No. 13. Specifically, the Government argues that Plaintiff has not asserted a valid takings claim within the Court's jurisdiction since Plaintiff alleges that his property was taken in violation of BOP policy. *Id.* at 7. Even if the Court had jurisdiction, the Government argues that Plaintiff also has failed to state a claim upon which relief can be granted because his property was taken pursuant to the Government's police power. *Id.* at 8–9.

On August 6, 2021, Plaintiff responded to the Government's Motion to Dismiss. *See generally* Pl.'s Resp. to Gov't's Mot. to Dismiss, ECF No. 16. According to Plaintiff, he did not claim that BOP took his property in violation of BOP policy. *Id.* at 2–7. Rather, he argues that

the Complaint alleged the property was taken in full compliance with "the (Government Regulation) program statement." *Id.* at 2 (parentheses in original). Additionally, Plaintiff argues that the police power authority cited by the Government is inapplicable in this case because the property taken was not contraband. *Id.* at 5.

The Government's Motion is now fully briefed and ripe for decision.

## II. DISCUSSION

### A.  Jurisdiction of the United States Court of Federal Claims

This Court, like all federal courts, is one of limited jurisdiction. *Honse v. United States*, 149 Fed. Cl. 792, 796 (2020). Under the Tucker Act, Congress conferred jurisdiction on this Court to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." *United States v. Testan*, 424 U.S. 392, 397 (1976) (quoting 28 U.S.C. § 1491(a)(1)). The Tucker Act, however, is a jurisdictional statute only and does not create a substantive right against the United States for money damages. *Id.* at 398. To recover damages against the Government, the plaintiff must prove a substantive right created by a money-mandating source of law. *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

### B.  Standard of Review

The Government moves to dismiss Plaintiff's claim pursuant to RCFC 12(b)(1), for lack of jurisdiction, and RCFC 12(b)(6), for failure to state a claim.

3

1.   RCFC 12(b)(1)

On a Rule 12(b)(1) motion, the Court must presume that all the undisputed facts in the complaint are true and must resolve reasonable inferences in the plaintiff's favor. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). If the Court lacks jurisdiction over the subject-matter, it must dismiss the claim. *See Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006); *see also* RCFC 12(b)(1), (h)(3). The plaintiff bears the burden of demonstrating the Court's jurisdiction. *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

When a plaintiff files *pro se*, the Court should liberally construe his or her allegations, as *pro se* litigants "are not expected to frame issues with the precision of a common law pleading." *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). Despite this leeway, *pro se* plaintiffs are still required to establish the jurisdictional requirements. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Moreover, the Court is not obligated to create a claim on a *pro se* plaintiff's behalf if it is not spelled out in his or her own pleading. *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).

2.   RCFC 12(b)(6)

When deciding a Rule 12(b)(6) motion, the Court should likewise "assume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences in the plaintiff's favor." *Leider v. United States*, 301 F.3d 1290, 1295 (Fed. Cir. 1998). To avoid dismissal, the complaint must allege "facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." *Acceptance Ins. Companies, Inc. v. United States*, 583 F.3d 849, 853 (Fed. Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 557 (2007)). Although a

complaint does not need to include "detailed factual allegations," it cannot be "a formulaic recitation of the elements" and must consist of more than "labels and conclusions." *Twombly*, 550 U.S. at 555. Moreover, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.

To determine whether a plaintiff's allegations sufficiently state a claim for relief, "a court 'must consider the complaint in its entirety, . . . in particular, documents incorporated into the complaint by reference.'" *Rocky Mountain Helium, LLC v. United States*, 841 F.3d 1320, 1325 (Fed. Cir. 2016) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *see* RCFC 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").

### C. The Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Takings Claim.

The Takings Clause states that "private property [shall not] be taken for public use without just compensation." U.S. CONST. amend. V. It is well-settled that this Court has jurisdiction under the Tucker Act over "a nonfrivolous takings claim." *Moden v. United States*, 404 F.3d 1335, 1342 (Fed. Cir. 2005); *see Blanchette v. Conn. Gen. Ins. Corp.*, 419 U.S. 102, 126 (1974). To bring a valid takings claim under the Fifth Amendment, the Government's taking must be authorized. *See Blanchette*, 419 U.S. at 127 n.16; *see also Moody v. United States*, 931 F.3d 1136, 1142 (Fed. Cir. 2019) (holding that a takings claim "cannot be found on the theory that the United States has taken unlawful action"). Thus, in order for this Court to have proper jurisdiction over Plaintiff's claim, he cannot assert that the Government took his property in violation of the law. *See id.*; *see also Crocker v. United States*, 37 Fed. Cl. 191, 196 (1997) (holding that a valid takings claim alleges that a legitimate exercise of the Government's authority resulted in the taking of private property for public use, but without proper compensation).

The Government argues that Plaintiff's Complaint does not allege a valid takings claim within the Court's jurisdiction because it alleges that the BOP officials who searched Plaintiff's cell acted "outside their legitimate authority by confiscating the property in violation of agency policy." ECF No. 13 at 7 (citing ECF No. 1 at 3).[1]  In his response, Plaintiff disagrees, arguing that he "specifically stated that the Government took his property in full compliance with the . . . [governing] program statement[s]." ECF No. 16 at 2. He further argues that he "never mentioned [at all in the complaint] that the property was taken to maintain control over the institution." *Id*.

The Court agrees with the Government's interpretation of the Complaint, which is consistent with its plain text. The pleading clearly alleges that BOP is supposed to inventory items confiscated from inmates and provide inmates with a "confiscation slip" listing what was and was not taken. ECF No. 1 at 3. This was, as Plaintiff terms it, "the correct process," and, even if not explicitly stated, the Complaint strongly implies that BOP failed to follow such process in his case. *Id.* (describing "the correct process that *is supposed to* take place" (emphasis added)). This conclusion is further supported by the fact that, in lieu of a "confiscation slip," Plaintiff provided his own inventory of the items allegedly taken from his cell. *See* ECF No. 1-1 at 1–2. Moreover, Plaintiff alleges that he filed a grievance as a result of the cell search, ECF No. 1 at 2, and he attached to the Complaint a copy of what purports to be a "Notice of Criminal Action by United

---

[1] The Government argues that it is unclear whether Plaintiff's Complaint raises additional claims, including those sounding in tort and/or arising under the First Amendment or Due Process Clause of the Fifth Amendment. ECF No. 13 at 6, 8. Looking at the Complaint as a whole, the Court does not see ambiguity. In the jurisdiction section of the Complaint, Plaintiff expressly identifies only the Takings Clause and provides a citation to a Supreme Court decision involving a takings claim. ECF No. 1 at 1. As an attachment to the Complaint, he submits an "[i]temized list of the personal property taken by the United States Government." ECF No. 1-1 at 1. And in the relief section he requests only that the Government be ordered to "pay the plaintiff just compensation for each [item] taken without being compensated for." ECF No. 1 at 4. It is clear that Plaintiff is asserting only a Fifth Amendment Takings Claim, and thus the Court need not consider the Government's arguments for dismissing any potential other claims.

6

States Employee" based on the search at issue in the Complaint. ECF No. 1-1 at 3 (describing search on May 5, 2017, in which two BOP officials "entered [his] cell to take all [his] property"). This criminal complaint, which appears to have been directed to the Department of Justice's Office of the Inspector General and Civil Rights Division, alleges that the BOP officials are "guilty of assault and stealing . . . legal and top-secret diplomatic papers." *Id.* at 6; *see* ECF No. 1 at 3 (alleging that the BOP officials read, copied, and destroyed Plaintiff's legal documents).

These allegations, including in documents incorporated by reference in and attached to the Complaint, clearly support the conclusion that Plaintiff does not concede that his property was taken through the lawful exercise of the Government's legitimate authority. *Crocker*, 37 Fed. Cl. at 196. Plaintiff's interpretation to the contrary is belied by a fair reading of the Complaint, which may not be amended by Plaintiff's opposition to the Government's dismissal motion. *See Mendez-Cardenas v. United States*, 88 Fed Cl. 162, 166–67 (2009) (collecting cases). Because the Complaint alleges that the Government improperly confiscated his personal property, Plaintiff does not assert a valid takings claim within the Court's jurisdiction. *See, e.g.*, *Blanchette*, 419 U.S. at 127 n.16; *Moody*, 931 F.3d at 1142. Accordingly, the Court must dismiss Plaintiff's Complaint pursuant to RCFC 12(b)(1) for lack of subject-matter jurisdiction.

**D.     Alternatively, the Court Must Dismiss the Complaint for Failure to State A Claim.**

Even if the Court were to accept Plaintiff's interpretation of the Complaint, conceding that the property was taken in full compliance with BOP policies would concede the merits of the claim and warrant dismissal under RCFC 12(b)(6). As the Government notes, not all owners of property taken by the Government are entitled to compensation under the Takings Clause, only those whose property was taken for public use. ECF No. 13 at 8 (citing *AmeriSource Corp. v. United States*, 525 F.3d 1149, 1152 (Fed. Cir. 2008)). While the term "public use" may seem broad enough to

cover all government takings meant to promote the general welfare, courts have read the term more narrowly in cases involving the Government's police power. *See AmeriSource*, 525 F.3d at 1153. Consequently, it is well established in this Circuit that, when the Government takes property pursuant to its police power, it does not constitute a taking for "public use" that requires the Government to pay just compensation. *See, e.g.*, *Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1332 (Fed. Cir. 2008); *AmeriSource*, 525 F.3d at 1153–55; *Jones v. United States*, 440 Fed. App'x 916, 918 (Fed. Cir. 2011). More specifically, and as relevant here, when the Government takes an inmate's personal property during his incarceration, it is considered an exercise of police power that does not require just compensation. *See Jones*, 440 Fed. App'x at 918 (citing *Paalan v. United States*, 120 Fed. App'x 817, 822–23 (Fed. Cir. 2005) (holding that "neither the seizure of items of evidentiary value nor the retention of personal property [the plaintiff] was not supposed to retain [while incarcerated] constituted takings")).

The Government argues that Plaintiff's property was taken and impounded for 90 days after he was discovered by BOP officials trying to send fraudulent documents to a private party under the guise of legal mail. *See* ECF No. 13 at 2 (citing Discipline Off. Hr'g Rep. (Oct. 20, 2017) (attached as appendix)). Because overseeing the administration of the prison, including the search and seizure of inmate property, is a valid exercise of its police power, the Government argues that Plaintiff fails to state a claim under the Takings Clause. *Id.* at 9. According to Plaintiff, BOP's confiscation of his property was unrelated to the mail incident. ECF No. 16 at 1. Rather, as alleged in the Complaint, Plaintiff was told his property was being taken pursuant to BOP Program Statements 5521.06 and 5580.08, which permit searches and confiscation of personal property as "necessary to maintain control over the Institution." ECF No. 1 at 2. Accepting as true the allegations in the Complaint, and the assertion in briefing that his property was confiscated

8

in full compliance with these policies, Plaintiff's takings claim fails as it was a valid exercise of the Government's police powers.[2]

Under the relevant policies, BOP is authorized to search inmates and their housing units for the purpose of maintaining control over, and the security of, its prisons. *See* 28 C.F.R. § 552.10 (stating that the search policy is intended to "further the safe, secure, and orderly running of [BOP] institutions").[3] For the same purpose, BOP has placed limits on the types of personal property that inmates are allowed to possess in their living areas and defined procedures for identifying and handling contraband. *See id.* §§ 553.10–13. These policies involve matters of the Government's police power, not takings that require just compensation under the Fifth Amendment. *See Jones*, 440 Fed. App'x at 918 (citing *Paalan*, 120 Fed. App'x at 822–23). Thus, under Plaintiff's interpretation, the Complaint must be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief may be granted.

In response, Plaintiff argues that his property falls outside of the Government's police power to oversee and maintain the security of its prisons because the confiscated items, consisting of legal documents and manuscripts, were permissible personal property pursuant to BOP policy. ECF No. 16 at 5. This argument misses the mark. *See Rith Energy v. United States*, 247 F.3d

---

[2] On a Rule 12(b)(6) motion, the Court is generally prohibited from considering facts contained outside of the pleadings or resolving disputed statements of fact. *See CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350, 1360 (Fed. Cir. 2019) (quoting *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016)). Accordingly, in reaching its decision, the Court has not substantively considered the documents attached as an appendix to the Government's Motion.

[3] The relevant BOP Program Statements are codified at Title 28 of the Code of Federal Regulations. *See* 28 C.F.R. §§ 552.10 *et seq.*, 553.10 *et seq.* For ease of reference, the Court will cite to the regulations. The full policy documents are available online. *See* Searches of Housing Units, Inmates, and Inmate Work Areas, BOP Program Statement 5521.06, https://www.bop.gov/policy/progstat/5521_006.pdf; Inmate Personal Property, BOP Program Statement 5580.08, https://www.bop.gov/policy/progstat/5580_008.pdf.

1355, 1365–66 (Fed. Cir. 2001) (administrative review proceeding, not takings action, is the proper avenue to challenge unlawful agency action). And importantly, it runs counter to his claim that the Complaint "stated that the Government took his property in full compliance with . . . program statement[s] 5521.06 and 5580.08." ECF No. 16 at 2. One cannot have it both ways. If the Government's taking of Plaintiff's personal property was not authorized per the policies, then, as discussed above, the Court must nonetheless dismiss his action under RCFC 12(b)(1).

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 13) is **GRANTED** and Plaintiff's Complaint is **DISMISSED** for lack of jurisdiction pursuant to RCFC 12(b)(1) and for failure to state a claim pursuant to RCFC 12(b)(6). The Clerk is directed to enter judgment accordingly.

**SO ORDERED**.

Dated: December 9, 2021         */s/ Kathryn C. Davis*
                                KATHRYN C. DAVIS
                                Judge